CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 14 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA HENSLEY, | ) |
| Plaintiff, | ) Civil Action No. 5:11-cv-00001 |
| v. | ) **MEMORANDUM OPINION** |
| ZACHARY MARION, | ) |
| Defendant. | ) By: Samuel G. Wilson <br> ) United States District Judge |

This is a personal injury action by plaintiff Barbara Hensley ("Hensley") against defendant Zachary Marion ("Marion") originally brought in the Augusta County Circuit Court. After the parties reached a settlement agreement, Marion refused to promptly pay the settlement amount, and Hensley filed a motion in the Circuit Court to enforce the agreement. Marion then removed the case to this court under 28 U.S.C. §§ 1441 and 1446, contending that the claims raised in Hensley's motion to enforce the agreement are completely preempted by certain Medicare regulations. The court finds that the regulations do not completely preempt Hensley's state law claim, and that the case therefore does not meet the requirements of federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, the court remands the case to the Augusta County Circuit Court, but retains for further consideration Hensley's request for costs for improper removal under 28 U.S.C. § 1447(c).

I.

In 2008, Hensley was injured in an automobile collision with Marion on Route 340 in Augusta County, Virginia. In 2009, Hensley filed suit in the Augusta County Circuit Court, alleging that Marion negligently caused the accident. On October 11, 2010, after negotiating

with Marion and his insurer, Erie Insurance Exchange ("Erie"), the parties agreed to settle for $45,000.

Erie now refuses to pay the $45,000, noting that the Centers for Medicare and Medicaid ("CMS") has previously made a conditional payment[1] to Hensley, and therefore that the CMS will have a direct right of recovery for the entire amount of that payment against Erie, and that the settlement agreement does not require payment until the CMS sends written confirmation of the exact amount it seeks to recover. On December 15, 2010, Hensley filed a motion in the Circuit Court to enforce the settlement agreement and compel Erie to pay the agreed upon sum, less the amount the parties anticipate the CMS will seek to recover. Marion, in turn, removed the case to this court on January 12, 2011, claiming that Hensley's proposed solution to this issue could leave the parties open to potential liability to the CMS under the Medicare regulations, specifically 42 C.F.R. § 411.24(e), which states that the "CMS has a direct right of action to recover from any primary payer." See also 42 C.F.R. § 411.24(c)(2) (providing that the CMS may recover twice the amount the Medicare primary payment if it is forced to take legal action to recover) & § 411.24(i) (providing that the CMS can recover from an insurer even if the insurer has already reimbursed another party). Marion argues that these regulations completely preempt the claim Hensley asserts in her motion to enforce the settlement agreement, and as a result, this court now has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1441(a). Hensley has moved to remand the case, and for attorney's fees under 28 U.S.C. § 1447(c).

## II.

Hensley argues that the case is not within this court's removal jurisdiction, and that the court should remand it to the Augusta County Circuit Court in accordance with 28 U.S.C. §

---

[1] The term "conditional payment" means a "Medicare payment for services for which another payer is responsible. . . ." 42 C.F.R. 411.21.

1447(c). The court finds that it lacks original jurisdiction over the dispute involving the settlement agreement because it does not present a federal question under 28 U.S.C. §§ 1331, and the federal Medicare regulations at issue do not completely preempt Hensley's claim. Accordingly, the court grants Hensley's motion to remand.

A defendant may remove a case to federal court only if the plaintiff could have filed it there originally. Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a). Original jurisdiction exists in three circumstances: (1) "the parties are diverse and meet the statutory requirements for diversity jurisdiction" set forth in 28 U.S.C. §1332; (2) "the face of the complaint raises a federal question;" or (3) "the subject matter of a punitive state law claim has been totally subsumed by federal law -- such that the state law cannot even treat on the subject matter." Barbour v. Int'l Union, 2011 WL 242131, at *28 (4th Cir. Jan. 27, 2011) (Agee, J., concurring) (quoting Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)).

The second of these circumstances requires that the plaintiff to assert a claim of right "arising under" federal law. 28 U.S.C. § 1331. Ordinarily, this requires the claim for relief to be a federal claim. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). That is, federal law creates the cause of action. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, federal jurisdiction exists in a "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996); see also Grable & Sons Metal Prods., 545 U.S. at 313. In this small class of cases "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal

3

and state judicial responsibilities." Grable & Sons Metal Prods., 545 U.S. at 314. Though federal law need not create the cause of action in this small class of cases, an essential, necessary element of plaintiff's right to recover still must be founded on federal law. Id. at 315. It is not sufficient that the plaintiff seeks relief that is in conflict with and therefore preempted by federal law. This form of preemption, generally known as ordinary or conflict preemption, "has been categorized as a federal 'defense to the allegations,'" Lontz, 413 F.3d at 440 (4th Cir. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), and "as a mere defense, the 'preemptive effect of a federal statute . . . will not provide a basis for removal.'" Id. (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003)).

The third of these circumstances, complete preemption, stands in sharp contrast to conflict or ordinary preemption. "While these two concepts are linguistically related, they are not as close kin jurisprudentially as their names suggest. Complete preemption is a 'jurisdictional doctrine,' while ordinary preemption simply declares the primacy of federal law, regardless of the forum or the claim." Id. "[W]hen complete preemption exists, there is 'no such thing' as the state action, since the federal claim is treated as if it appears on the face of the complaint because it effectively displaces the state cause of action. Complete preemption thus transform[s] the plaintiff's state-law claims into federal claims." Id. at 441 (internal citations and quotation marks omitted). Because such a complaint is understood to state a federal question, it satisfies the well-pleaded complaint rule, and provides a basis for removal under §1441(b). Id.

Marion has failed to demonstrate that there is a substantial federal question embedded in Hensley's claim, a requirement of the second circumstance. Hensley's claim involves only two elements: the existence of a valid settlement agreement, and the presence of valuable consideration. Montagna v. Holiday Inns, Inc., 221 Va. 336, 346 (1980). The resolution of these

4

basic questions turns on the interpretation of Virginia contract law, not on any federal statutes or regulations governing Medicare payments. Marion appears to argue federal law comes into play in two ways. First, he contends that the finalization of the amount CMS seeks to recover is a condition precedent that must be satisfied before he has duty to pay the settlement proceeds under the agreement. But the court's inquiry into whether such a condition has been satisfied under this contract certainly does not require the interpretation of federal law. Second, Marion asserts the Medicare regulations render the settlement agreement illegal or unenforceable. However, this is simply an affirmative defense to Hensley's claim, which cannot provide the basis for removal jurisdiction. In neither case does Hensley's claim raise a substantial federal question that would justify removal.

Marion also asserts that the applicable Medicare regulations completely preempt any state law regarding the enforceability of a settlement agreement when the CMS has a right to recover a conditional payment from one of the parties. However, Marion has not demonstrated that the Medicare regulations at issue completely displace her state law claim to enforce a settlement agreement, and indeed they do not. Moreover, to the extent Marion argues that the requirements of the settlement agreement and the Medicare regulations are inconsistent and that the Medicare regulations should control the resolution of the dispute, he merely has alleged the presence of *ordinary* preemption, not *complete* preemption. See Lontz, 413 F.3d at 440-41 (noting removal cannot be based on the presence of ordinary preemption); see also Cox v. Shalala, 112 F.3d 151, 15 (4th Cir. 1997) (finding only ordinary preemption in a case involving a conflict between federal law governing Medicare reimbursement procedures and a state statute). In short, nothing about these Medicare regulations indicate that they were intended to displace all

attempts to enforce a settlement agreement under state law simply because the CMS may have a right of recovery against one of the parties to the agreement.[2]

## III.

Hensley seeks to recover attorney's fees from Marion under 28 U.S.C. § 1447(c) based on Marion's improper removal of the case. While the court grants Hensley's motion to remand, the court will retain jurisdiction over the collateral issue of whether § 1447(c) sanctions are appropriate for improper removal. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."); Miller v. Baker, 2009 WL 4841019, at *3 (W.D. Va. Dec. 15, 2009). If Hensley intends to pursue her motion to recover costs, she must provide an accounting of her costs incurred as a result of the removal, and Marion will be afforded the opportunity to respond.

## IV.

For the reasons stated above, the court finds that the case was improperly removed, and accordingly grants Hensley's motion to remand. The court retains jurisdiction over the collateral issue of whether sanctions are appropriate under 28 U.S.C. § 1447(c).

**ENTER:** February 14, 2011.

UNITED STATES DISTRICT JUDGE

---

[2] Marion also appears to raise a third argument, contending that there is federal question jurisdiction because Hensley's conduct violates provisions of the False Claims Act, specifically 31 U.S.C. § 3729(a)(1)(G). There is no indication Hensley has brought any claims under the False Claims Act in either her original complaint or her motion to enforce the settlement agreement. Accordingly, the court declines to exercise jurisdiction over the case on this ground.